IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| STREAMLINE BUSINESS SERVICES, LLC<br><br>v.<br><br>VIDIBLE, INC., et al. | CIVIL ACTION<br><br>NO. 14-1433 |
|---|---|

Baylson, J.                                                                                           August 17, 2015

### MEMORANDUM RE ATTORNEY/CLIENT PRIVILEGE ISSUES

      Plaintiff, Streamline Business Services, LLC ("Streamline") has filed a motion (ECF 121, 124) for determination of attorney/client privilege with regard to documents that defendants Vidible, Inc., Timothy Mahlman, and Michael Hyman claim were inadvertently produced. The motion has been subject to intensive briefing, including response by defendants (ECF 134, 135), and a reply by plaintiff (ECF 141, 144). The Court has reviewed the papers, including all of the exhibits submitted under seal, as protected by a confidentiality agreement, in support of plaintiff's motion. The essence of plaintiff's motion is that defendants produced a number of documents that plaintiff contends are not privileged, but defendants claim are privileged and were inadvertently produced. Streamline objects to returning any documents and asserts that defendants waived the privilege or, in the alternative, that the documents are not privileged under the crime-fraud exception to the attorney/client privilege. Streamline also requests that the Court hold an *in camera* hearing to determine whether the documents are entitled to privileged status.

      The general rules of the attorney/client privilege are well known and need only be summarized. The attorney/client privilege protects communications between an attorney and the client, but not facts. Upjohn Co. v. United States, 449 U.S. 383, 395 (1981). For the attorney-client privilege to attach, there must be (1) a communication; (2) made between privileged persons; (3) in confidence; (4) for the purpose of obtaining or providing legal advice for the

client.  In re Teleglobe Commc'ns Corp., 493 F.3d 345, 359 (3d Cir. 2007) (citing Restatement (Third) of the Law Governing Lawyers § 68 (2000)).  Any attorney/client communication which is privileged is not subject to discovery.  Id. at 359-60.  However, the privilege does not prevent discovery of facts that may be held by lawyers or non-lawyers, even though those facts may have been the topic of privileged communications.  Upjohn, 449 U.S. at 395-96; Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994).

Having reviewed the documents attached to plaintiff's motion, it appears that an attorney, Arthur Laitman, was acting as an attorney for Vidible during its negotiations with plaintiff.  Many of the documents, Exhibits C-G and I-V attached to plaintiff's motion, contain communications to and from Mr. Laitman.  There is one lengthy document which appears repeatedly in many of the Exhibits, which appears to be an email dated June 4, 2014, from Mr. Laitman to his clients which begins with the language "Great speaking with you earlier…" and includes legal advice related to certain business transactions.

Defendants have submitted a memorandum asserting that Mr. Laitman was acting as their attorney and the communications to and from him were for legal advice, are privileged, and were inadvertently produced.  Defendants have also represented that these documents were inadvertently produced, which the Court accepts and rules pursuant to Rule 502(b), F.R.E., that no waiver has occurred.

Having reviewed the documents, the Court concludes Mr. Laitman was acting as an attorney for Vidible in its negotiations with Streamline and was asked by Vidible to give legal advice, and did so, in numerous communications.  The communications between Vidible and Mr. Laitman (and any legal associates of Mr. Laitman) are privileged.

There may be some business facts contained in the various documents that are not protected by the privilege and therefore can be disclosed during discovery. However, the communications between representatives of Vidible and Mr. Laitman, and what Mr. Laitman communicated to his client on the topic of the business relationship with Streamline, are privileged. To the extent that any of the documents contain non-privileged business facts, the Court will require defendants to initiate redaction of the privileged communications contained in those documents. The Court assumes counsel can agree on a set of redacted documents that do not contain privileged communications which may be used as Exhibits in this case. However, all portions of the documents disclosing communications by and between defendants and Mr. Laitman and his legal associates must be returned to Vidible, and may not be used in discovery.

The Court rejects plaintiff's claim that the crime-fraud exception applies. Application of the crime-fraud exception requires a party to show a reasonable basis that (1) the client was committing or intending to commit a crime or fraud and (2) the legal advice was "in furtherance" of the alleged crime or fraud. See In re Grand Jury Subpoena, 745 F.3d 681, 691-92 (3d Cir. 2014) (internal quotation marks and citation omitted). Plaintiff has not shown a reasonable basis for a finding that the privileged legal advice was in furtherance of a crime or fraud defendants were intending to commit. Rather, the documents in this case center on a business dispute between the parties, and the privileged legal advice relates to that business dispute. Accordingly, the Court finds that plaintiff has failed to show the crime-fraud exception applies, and there is no need for an *in camera* hearing at this time.

An appropriate Order follows.

O:\CIVIL 14\14-1433 streamline v. vidible\14cv1433.08052015.memo.privilege.docx